WRIGHT, *Appellant*, v. McCULLY

**Statute of Frauds**: CONTRACT: EVIDENCE. A being a creditor of B and also debtor to C in an equal amount, it was verbally agreed by way of settlement among them, that B should pay C what he owed A. *Held*, that this agreement was not within the statute of frauds, and was binding.

An order having been drawn by A upon B in favor of C, to carry out such an agreement, *Held*, admissible in evidence to show the exact amount B had assumed to pay.

*Appeal from Macon Circuit Court.*—HON. JOHN W. HENRY Judge.

*A. R. Pope* for appellant.

The order was a bill of exchange within the meaning of the law, and its acceptance, in order to bind the acceptor, must have been in writing signed by him, or some one by him authorized. 1 Parsons on Bills, pp. 52, 56; Gen.

Stat. of 1865, p. 395; Smith Merc. Law, pp. 298–9; *Rousch v. Duff*, 35 Mo. 312. The debt was that of a third party, and, in order to make plaintiff responsible, his acceptance must have been in writing, and there must also have been a consideration. Browne on Stat. Frauds, pp. 409, 410; Smith Merc. Law, pp. 564–5–6, 575.

*John F. Williams* for respondent.

NAPTON, J.—This was an action on an account, to which the defendant set up a counter claim of $40.75, and the plaintiff replied denying this claim. The finding of the court, to whom the case was submitted, was in favor of the counter claim, and a judgment given for defendant for $15.67. The only point of objection to this judgment is, that the order given the defendant by a creditor of the plaintiff, not having been accepted in writing by the plaintiff, was not binding; but it appeared in this case that all three of the parties, plaintiff, defendant and the plaintiff's creditor, met together, and that it was agreed between them that the plaintiff could pay to defendant the debt he owed to the third person, who was a debtor of defendant to the same amount. Such an agreement, though verbal, is not within the statute of frauds. *Black v. Paul*, 10 Mo. 104. The order in this case was not the foundation of the action, but merely admitted to show the exact amount assumed by the plaintiff. All concur, except HENRY, J., not sitting. Judgment affirmed.

AFFIRMED.